**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 15-44442-399 |
| | ) | Adversary No. |
| Glenda Ivy, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Daniel J. Casamatta | ) | |
| Acting United States Trustee | ) | |
| Eastern District of Missouri, | ) | Honorable Barry S. Schermer |
| | ) | U.S. Bankruptcy Judge |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Raketta Douglas | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### UNITED STATES TRUSTEE'S COMPLAINT FOR SANCTIONS, INJUNCTIVE AND OTHER RELATED RELIEF AGAINST BANKRUPTCY PETITION PREPARER

Now comes Daniel J. Casamatta, the Acting United States Trustee for the Eastern District of Missouri (the "U.S. Trustee" or the "Plaintiff"), by and through the undersigned attorney and pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. §§105, 110, and 307, and requests this Honorable Court to enter a Judgment for sanctions and injunctive relief against Raketta Douglas (the "Defendant"or "Ms. Douglas" ) and for other relief as prayed for in this Complaint.

1

## JURISDICTION

This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may be hear and determine pursuant to Rule 9.01 (B)(1) of the United States District Court for the Eastern District of Missouri. The U.S. Trustee has standing pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 110 and 307 to bring this Complaint before the Court.

Based upon information and belief ascertained as part of the U.S. Trustee's review and investigation, the U.S. Trustee alleges as follows:

## STATEMENT OF FACTS

1. Raketta Douglas is an adult individual over the age of 21 years who resides in the Eastern District of Missouri.

2. Ms. Douglas's mailing address is: 111 Church St., Ferguson, Mo 63135.

3. Ms. Douglas is not an attorney licensed to practice law in the State of Missouri.

4. Ms. Douglas is not employed or working as a legal assistant, secretary or paralegal under the direct supervision or control of a licensed attorney.

5. On June 12, 2015, a voluntary petition under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") was filed on behalf of Glenda Ivy (the "Debtor") in Case No. 15-44442-399.

6. Ms. Douglas signed the voluntary petition, schedules and SOFA identifying herself as a petition preparer. She also filed a Disclosure of Compensation with a signature date of March 25, 2015. Such disclosure indicated that the Defendant received $175.00 for her services.

7. A Section 341 meeting of creditors was held in this case on July 17, 2015, by the assigned chapter 7 trustee, E. Rebecca Case. At that meeting the Debtor testified that she paid Ms.

Douglas $230.00 for the preparation of her bankruptcy documents. She also completed, signed and provided a Declaration to the trustee indicating that she was "charged" $500.00-$600.00 by Ms. Douglas but had paid $230.00 to date. See Copy of Declaration attached hereto and referenced as Exhibit 1.

8. Pursuant to 11 U.S.C. § 110(a)(1), a "bankruptcy petition preparer" is defined as "a person other that an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A "person", as defined by the Bankruptcy Code, includes individuals and corporations. 11 U.S.C. §101(41). The Defendant is engaged in the business of preparing, for compensation, documents for filing in bankruptcy cases. As such, the Defendant, Ms.Douglas, is a "bankruptcy petition preparer" as defined in 11 U.S.C. § 110(a)(1). As a result, the Defendant is subject to the jurisdiction of this Court. See, e.g., In re Amstutz, 427 B.R. 636, 640 (Bankr. N.D. Ohio 2010).

9. The Defendant for compensation prepared the following bankruptcy documents for the Debtor in the bankruptcy case referred above (all of the foregoing are at Docket No. 1 in the Administrative Case No. 15-44442-399):

    a. The Voluntary Petition (the "Petition");

    b. Schedules A through J (the "Schedules") and the Summary of Schedules (the "Summary"), and

    c. The Statement of Financial Affairs (the "SOFA"), and

    d. The Chapter 7 Statement of Current Monthly Income and Means Test Calculation (the "Means Test").

The U.S. Trustee will introduce said documents into evidence, if necessary, at the hearing on this complaint.

10. Pursuant to 11 U.S.C. § 110(a)(2), a "document for filing" means a "petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title [Title11]." Based on the language of Section 110(a)(2), each of the bankruptcy documents referenced in paragraphs nine (9) and ten (10) above constitutes a "document for filing" under Section 110.

11. The Debtor was sworn and examined under oath at her Section 341 meeting on July 17, 2015. Based upon information and belief and the Debtor's testimony at the July 17, 2015, meeting, the Defendant, Ms.Douglas, among other things (i) explained the difference to the Debtor between a chapter 7 and a chapter 13 bankruptcy; and (ii) determined where to list the Debtor's secured and unsecured creditors on her schedules.

## FIRST CLAIM FOR RELIEF
### Disallowance and Turnover of Fees
### 11 U.S.C. Section 110(h)

12. Plaintiff re-alleges paragraphs 1 through 11 above.

13. Section 110(e)(2) prohibits a bankruptcy petition preparer from rendering services which constitute the unauthorized practice of law, providing, in pertinent part that "A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B)" [of Section 110]. 11 U.S.C. § 110(e)(2)(A).

    Subparagraph B further states:

    (B) The legal advice referred to in subparagraph (A) includes advising the debtor-

        (I) whether-

(I) to file a petition under this title; or

(II) commencing a case under chapter 7, 11, or 13 is appropriate;

(vi) concerning how to characterize the nature of debtor's interest in property or the debtor's debts; or

(vii) concerning bankruptcy procedures and rights.

See, 11 U.S.C. § 110(e)(2)(B).

14. Section 110(e)(2)(A) of the Bankruptcy Code bars a bankruptcy petition preparer from providing any legal advice. See, e.g., In re Carrier, 363 B.R. 247, 256 (Bankr. M.D. Fla. 2006); and In re Amstutz, 427 B.R. at 641.

15. Pursuant to 11 U.S.C. § 110(h)(3)(B), all fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with 11 U.S.C. § 110(b)-(h).

16. Pursuant to Debtor's testimony at her Section 341 meeting held on July 17, 2015, and the record of this case, the Defendant engaged in providing legal advice in violation of Section 110 (e)(2).

17. If the Court finds that the Defendant has violated any part of subsections (b) through (h) of Section 110 (including, but not limited to, the aforementioned prohibition against the unauthorized practice of law) in the present administrative case (No. 15-44442-399 ), referred to above and/or in any other proceeding, the U.S. Trustee requests that the Court direct the forfeiture and return, in accordance with 11 U.S.C. § 110(h)(3)(B), of all fees paid to the Defendant by or on behalf of the debtor in this case.

## SECOND CLAIM FOR RELIEF
### Imposition of Fines
### 11 U.S.C. Section 110(l)

18. Plaintiff re-alleges paragraphs 1 through 17.

19. Section 110(l)(1) of the Bankruptcy Code provides that a bankruptcy petition preparer who fails to comply with any provision of subsections (b)-(h) of Section 110, may be fined not more than $500 for each such failure. 11 U.S.C. § 110(l)(1). Furthermore, the amount of the fine may be tripled upon a finding that the preparer has prepared a document for filing in a manner that failed to disclose the identity of the petition preparer. 11 U.S.C. § 110(l)(2)(D).

20. If the Court finds that the Defendant has violated any part of subsections (b) through (h) of Section 110 (including, but not limited to, the prohibition against the unauthorized practice of law) in the present administrative case (No. 15-44442-399), or in any other proceeding, the Plaintiff requests that the Court direct the imposition of a fine for each such violation in an amount up to $500, and up to $1,500 for each violation where the Defendant failed to disclose her identity as a preparer for that document filed with the Court.

## THIRD CLAIM FOR RELIEF
### Injunction (11 U.S.C. Section 110(J))

21. Plaintiff re-alleges paragraphs 1 through 20 above.

22. Section 110 (j)(1) of the Bankruptcy Code provides that a civil action may be brought to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of Section 110 or from further acting as a bankruptcy petition preparer. Injunctive relief may be entered to prevent the recurrence of conduct in violation of Section 110. 11 U.S.C. §110(j)(2)(ii).

23. The Defendant has performed bankruptcy petition preparer services in this case.

24. The Defendant has engaged in the preparation of bankruptcy documents in this Court.

25. Pursuant to 11 U.S.C. § 110(j)(2)(A)(ii), injunctive relief is appropriate to prevent the recurrence of the conduct referenced above.

26. The Plaintiff requests that the Court enjoin the Defendant from engaging in the following conduct:

    a. Offering or providing, an any form, legal advice of any nature including, but not limited to, the activities proscribed in 11 U.S.C. § 110(e)(2)(B);

    b. Providing guidance, written or verbal, concerning or describing the bankruptcy processes and procedures;

    c. Providing financial, budget, debt or credit counseling or advice to potential bankruptcy debtors for a fee or charge unless otherwise authorized and approved by the United States Trustee as an approved nonprofit budget or credit counselor or as financial management course provider;

    d. Producing, disseminating, offering, making available or posting (for access or download from any internet based website) forms, brochures, materials, summaries, directions, or instructions concerning, describing or pertaining to the bankruptcy legal system and laws and procedures (this would include advertising or soliciting bankruptcy petition preparation and related services in any form of media or public display or publication); and

    e. Any and all conduct in violation of 11 U.S.C. § 110, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules for the Eastern District of Missouri, and the Rules of the Supreme Courts for the States of Missouri including, but not limited to, those concerning the unauthorized practice of law.

27. Section 110(j)(2)(B) of the Bankruptcy Code provides that, if the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclauses (I), (II)

or (III) of subsection 110(j)(2)(A)(i) and that a limited injunction preventing such conduct would be insufficient to prevent the preparer's interference with the proper administration of cases under the Code,[1] the Court may enjoin the person from acting as a bankruptcy petition preparer. For the purposes of this complaint, if such a finding is made with regard to the present or any case or proceeding before the Court, the Plaintiff requests that the Court enter a judgment enjoining the Defendant from acting as a bankruptcy petition preparer.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A. On Plaintiff's first claim for relief, for disallowance of any and all fees or compensation charged to or received from the Debtor initialing at least the $230.00 fee paid by or on behalf of the Debtor and for a judgment requiring turnover of said sum to the Debtor and for similar relief in any other case wherein the Defendant is found to have violated any provision of 11 U.S.C. § 110 (b)-(h);

B. On Plaintiff's second claim for relief, the imposition of fines up to the maximum amount allowed by statute for each violation of 11 U.S.C. § 110 (b)-(h);

C. On Plaintiff's third claim for relief, for an order enjoining and prohibiting the Defendant from providing or attempting to provide legal advice or services as described in Section 110 of the Bankruptcy Code and as set forth above, and for an injunction prohibiting the Defendant from acting as a bankruptcy petition preparer in accordance with 11 U.S.C. Section 110(j)(2)(B) if supported by the record; and

---

[1] Section 110(j)(2)(B) also allows for an injunction to be entered prohibiting a person from acting as a bankruptcy petition preparer if he or she fails to pay a fine or penalty as directed or fails to disgorge fees as directed.

C. For such other and further relief as the Court deems just and equitable.

                                Respectfully Submitted,

                                DANIEL J. CASAMATTA
                                Acting United States Trustee

                                PAUL A. RANDOLPH
                                Assistant U.S. Trustee


                                By:/s/ Martha M. Dahm
                                Martha M. Dahm
                                Trial Attorney
                                Missouri Bar # 35410, Federal ID # 32791
                                Office of United States Trustee
                                111 South 10th St., Suite 6.353
                                St. Louis, MO 63102
                                (314)539-2976 Phone
                                (314)539-2990 Fax
                                Martha.M.Dahm@usdoj.gov